Moncure, P.,
delivered the opinion of the court. After stating the case, he proceeded:
This case presents the question, whether the judgment ought to have been arrested on either or both of these two grounds; viz: 1st. That two of the three subjects of the larceny charged in the indictment are not proper subjects of larceny; and 2dly, that the term of imprisonment for the offence was ascertained by the jury, and not by the court. We will proceed to consider these two grounds in their order; and—
1st: As to the ground that two of the subjects named in the indictment, are not proper subjects of larceny. Those two subjects are, “ three swarms of bees of the value of three dollars,” and “ forty pounds of honey of the value of five dollars.” When animals or other creatures are not domestic, butarq ferce naturae, larceny may, notwithstanding, be committed of them, if they are fit for the food of man, and dead, reclaimed, (and known to be so,) or confined. 2 Russell on Grimes, 83. If prima facie, the thing taken is not the subject of larceny, as an animal ferceyfaturce, the indictment must show it to be /n. dead, tame or confined, in which state it may be the subject of individual property. 2 Bishop on Crim. Pro. § 663. Bees are in their nature, creatures ferce naturae, *944 but they may be, and often are, reclaimed, and then become property. Though not fit for food themselves, their honey is. Id.; The State v. Murphy, 8 Blackf. R. 498. Bees, in the possession of the owner, are the subject of larceny. Id.; 2 Russell on Crimes, 83. In this case, the three swarms of bees are described to be of the goods and chattels of one Vincent Shelton; which is, in effect, an averment, that when stolen they were his property and in his possession. They were, therefore, in that view, clearly a subject of which larceny could be committed, according to the authority just cited. As to the “forty pounds of honey,” named in the indictment, that was clearly such a subject, whether it was made by wild bees, or bees that had been reclaimed. It is described as “ of the goods and chattels of one Vincent Shelton,” which, as just stated, is, in effect, an averment, that when stolen, it was his property and in his possession. There can be little.or no doubt but that the three swarms of bees and forty pounds of honey named in the indictment, were, when taken, in the three beehives therein named ; in other words, that it was intended to charge the accused with stealing three beehives, with three swarms of bees and forty pounds of honey therein. If the charge had been in those words, there could have been no doubt that each of the subjects named would have been a proper subject of larceny. In support of the verdict the indictment should be so construed, if necessary; the defect, if any, having been cured by the verdict. The ac^ cused did not make any objection on that ground, as he might have done, before verdict; did not then ask the court to exclude any evidence that might be offered as to the stealing of the three swarms of bees. may, therefore, be presumed after the verdict, that it was proved to the satisfaction of the jury that the bees were the property of Vincent Shelton, and not wild bees, *945 especially as such proof is consistent with the indictment.
But, certainly, two of the three subjects named in the indictment, are proper subjects of larceny, to wit: the beehives and the honey. It is not pretended that the beehives are not; and that is enough to sustain the verdict and the judgment, even though the other subjects named were not proper subjects of larceny. The grade of the offence is the same; whether all, or any intermediate number, or only one of the subjects named, were stolen, taken, and carried away. The offence is but petit larceny in either event. It may be said that the measure of punishment may have been affected by evidence in regard to the stealing of the bees, which would be wrong, supposing the bees not to he a proper subject of larceny. But how can it be known that any such evidence was before the jury ? If it was offered, and was illegal, the presumption is that it was, as it ought to have been, excluded, by the court. If the accused had moved to exclude it, and the court had refused to do so, a bill of exceptions would have been taken to the ruling of the court. There being no such bill of exception in the record, this court would presume, if necessary to sustain the verdict and judgment, that no such evidence was offered, or if offered, that it was excluded by the court, below.
But, whether one or more of the subjects named in the indictment were proper subjects of larceny or not, could not affect the question before the jury, if any subject named -in the indictment was a subject of which larceny could be committed, and the larceny of that subject was proved to the satisfaction of the jury. The of-fence was petit larceny, and no more nor less, whether all, or any numberJ.ess than all, of the things named in the indictment, were stolen. It was the province of the-. *946 jury only to respond to the issue of guilty or not guilty. They did respond to that issue, and found the accused guilty—that is, guilty of larceny of all the subjects named in the indictment of which larceny could be committed. They had nothing to do with the measure of punishment, which the court alone had the right to ascertain. It is true they did in their verdict “ascertain the term of imprisonment in the county jail to be three months.” But that part of the verdict was mere surplusage, and did not vitiate the general finding of guilty, which was within their province.
Then it was not a good ground in arrest of judgment that any one or more of the subjects named in the indictment were not proper subjects of larceny, some of them clearly being such proper subjects; and the court, therefore, properly overruled the motion in arrest upon that ground. It was a proper matter, of course, to be considered by the court, in ascertaining the'term of imprisonment, that one or more of the subjects named in the indictment were subjects of which larceny could not be committed, supposing such to be the fact. But how can we say that the court did not duly consider that matter, and did not adjudge three months to be the proper term of imprisonment, whether all, or any number, or only one of the subjects named in the indictment, were, in fact, stolen by the accused ? And now, as to the other ground of the motion in arrest, viz:
2d. That the term of imprisonment for the offence was ascertained by the jury, and not by the court. Beyond all question, it was the province of the court, and not of the jury, to ascertain the term of imprisonment in this case. The Code, ch. 199, § 24, provides, that “the term of confinement in jail of a person found guilty of a misdemeanor, where that punishment is prescribed, shall be ascertained by the court. Petit larceny is a mis *947 demeanor, and imprisonment in jail is a punishment prescribed therefor. But, as before stated, the finding of the jury in regard to the term of imprisonment in this case was mere surplusage, and did not vitiate the rest of the verdict. It was not a good ground for arresting the judgment. It was the province of the court, in proceeding to pronounce judgment upon the verdict, to ascertain the term of imprisonment of the accused in jail, for the offence of which he had been convicted by the jury. And the court, after properly overruling the motion in arrest, did accordingly ascertain such term of imprisonment to be three months. To be sure, the words “ three months’-’ in the judgment, are followed by the words : “ the period ascertained by the juryand it would appear, from the causes assigned in arrest of judgment, that the jury had been charged, “ if they found the defendant guilty, to ascertain the term of imprisonment in the county jail, so that said term be not more than one year.” But it did not any more vitiate the verdict that the jury were so charged, than that they so ascertained the period of imprisonment. It still remained for the court, in pronouncing the judgment, to ascertain the term of imprisonment; and the court accordingly did so. That the court adopted the term fixed by the jury, does not vitiate the judgment. The opinion of the jury may have been, and doubtless was, persuasive in ascertaining the term, but it did not control the court. It cannot be presumed that the court did not know what the law was; and certainly such presumption will not be made to invalidate the judgment, when the contrary presumption is equally consistent with the judgment. That the court knew what the law was, affirmatively appears from the fact, that in the causes assigned in arrest of judgment, the court was twice referred to the page and section of the Code, which declared the law.
*948 But this very question was decided by the late General court in Souse's case, 8 Leigh 755; in which a writ °*'error was denied, without a dissenting voice. Indeed that case is stronger than this against the validity of such an objection a3 we are now considering. In that case the defendant was indicted for a misdemeanor, and the jury found him guilty on the first count, and ascertained the term of his imprisonment to be six months, and assessed his fine to $200. And the court pronounced judgment that the defendant he imprisoned in jail, “for the term ascertained by the jury,” and pay the fine, &c. There was a motion in arrest of judgment, hut not upon the ground that the jury had ascertained the term of imprisonment. It does not appear, therefore, that the attention of the court was called in that case, as it was in this, to the law which made it the duty oí the court and not of the jury to ascertain the term of imprisonment in such a case. It was assigned as error in that case, that the jury ascertained the term of imprisonment instead of the court; and yet a writ of error was denied. To he sure, that case occurred before the enactment of § 24 of ch. 199 of the Code; hut that enactment was merely in aifirmance of the common law, which was precisely the same in this respect as in the statute.
Ve are, therefore, of opinion that there is no error in the judgment, and that it ought to be affirmed.
Judgment aeeirmed.